**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1535
_____

IN RE:  LOUIS NEPTUNE,
                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 3:17-cv-12057)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 10, 2021
Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed July 14, 2021)

_____

OPINION[*]

_____

PER CURIAM

Louis Neptune, proceeding pro se and in forma pauperis, has filed a petition for a

writ of mandamus requesting that we direct a county prosecutor to institute criminal

charges against Deputy U.S. Attorney Andrew Carey, "instruct" New Jersey Attorney

General Gurbir Grewal "to cease engaging in official misconduct," and "instruct" New

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jersey Transit Police official Kathleen Shanahan to identify an unnamed police officer who, Neptune claims, has attempted to entrap him in various crimes. For the following reasons, we will deny Neptune's petition.

In November 2017, Neptune brought a civil rights action against various officials in the Middlesex County Prosecutor's Office and Sherriff's Department for, among other things, his alleged "fake arrest on September 3, 2016." Am. Compl. at 7, ECF No. 16. After the District Court dismissed his complaint with further leave to amend, Neptune filed a second amended complaint past the set deadlines, and the District Court refused to accept it. See Mem. & Order, ECF Nos. 45 & 46. Neptune later filed a motion to reopen that judgment, which the District Court denied, and Neptune's subsequent appeal remains pending in this Court. See Neptune v. Carey, et al., No. 20-3026.

The instant petition for writ of mandamus bears a tangential relationship to Neptune's underlying complaint. In his petition, Neptune alleges that on September 3, 2017, he "was fingerprinted and charged with forgery" in Middlesex County. See Petition at 5, ¶ 1.[1] He alleges that Marcia Silva (a named defendant in his civil rights action) lied about discovering "an altered document" he submitted in a family court proceeding. Id. at ¶¶ 2–6. He further alleges that the Middlesex County Prosecutor's Office, with the assistance of Carey, "hid" a report that proved the altered document did not have his fingerprints on it, that Carey and Grewal "continue to work behind the scenes to make it apper (sic) as if [Neptune is] involved in criminal behavior," and that "Carey used his

---

[1] This differs from his complaint, cited above, which alleged the date of his arrest was September 3, 2016.

2

position over 10 instances to delay dismissing the charges hoping [Neptune would] take a plea." Id. at 5–6, ¶¶ 6–14. By way of relief, he asks that we "instruct [the] Middlesex County Prosecutor's Office to follow the law and bring Andrew Charles Carey before a judge to answer for his multitude of crimes," and "instruct Gurbir Grewal to cease engaging in official misconduct by using his position as NJ AG to obstruct justice while violating [Neptune's] constitutional rights." Id. at 6, ¶¶ 16–17.[2]

Neptune's petition goes on to allege that "Kathleen Shanahan is using overtime, promises of promotions, pulling cops who are patrolling Penn Station to change into their civilian clothes to follow [him]," and "is using her secret police force to create fake paperwork under the instruction of Gurbir Grewal and Andrew Carey." Id. at 9–10, ¶¶ 3–4. He specifically cites occasions on which "a 16 year old white girl (who looks 14)" has been induced by an unnamed police officer to "come on to" him and "rub[] up against [him] on the train." Id. at 10, ¶¶ 6–10. He asks that we "instruct Kathleen Shanahan to identify this officer who committed a crime and conspired to create a crime to have [Neptune] arrested," and if she "refuses to identify this officer by name then she must be held in contempt of court and $1,000 after 30 days and double the fine every 30 day[s] after that." Id. at ¶¶ 8, 12.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) 'no other adequate means [exist] to

---

[2] Neptune also filed a supplementary document "to inform the courts of defendant Andrew Carey['s] . . . continued criminal behavior," which contains similar allegations.

attain the relief he desires, (2) the party's 'right to issuance of the writ is "clear and indisputable,"' and (3) 'the writ is appropriate under the circumstances.'" Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (quoting Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380–81 (2004)). In assessing the third factor of the writ's propriety under the circumstances, we must pay special attention to the separation of powers and federal-state relations. See Cheney, 542 U.S. at 381.

Here, Neptune's request that we issue directions and instructions to state and local law enforcement officials not only fails to satisfy the requisite showing but also runs afoul of these important guiding principles. Neptune attached to his petition what appear to be criminal complaint forms he has filed against Carey and Shanahan, see Pet. 2–3, 7, but has provided no information about the status of those complaints, or even the date on which they were filed. Moreover, some of the alleged conduct underlying the instant petition mirrors allegations in his pending civil rights action against the same parties. Thus, he has not shown that no other adequate means exist to attain his desired relief.

Neptune also has not established a clear and indisputable right to the writ. An individual has no federal right to require the government to initiate criminal proceedings. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); cf. United States v. Berrigan, 482 F.2d 171, 173–74 (3d Cir. 1973) ("[T]he government is permitted 'the conscious exercise of some selectivity' in the enforcement of its criminal laws." (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962))).

4

Finally, the writ would not be appropriate in any case, as it might "result in the intrusion by the federal judiciary on a delicate area of federal-state relations." Cheney, 542 U.S. at 381 (internal quotation marks and citation omitted); cf. Rizzo v. Goode, 423 U.S. 362, 381 (1976) (Blackmun, J., dissenting) ("[F]ederal-court intervention in the daily operation of a large city's police department . . . is undesirable and to be avoided if at all possible."); Lewis v. Hyland, 554 F.2d 93, 95 (3d Cir. 1977). Accordingly, we will deny Neptune's petition for writ of mandamus.